IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VICTOR KENTON CATLETT,

        Petitioner,

v.                                        Civil Action No. 3:05CV70
                                        Criminal Action No. 3:02CR56-02

UNITED STATES OF AMERICA,      (JUDGE BAILEY)

        Respondent.

## REPORT AND RECOMMENDATION THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On June 27, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response December 2, 2005.

### II. FACTS

A.    **Conviction and Sentence**

On August 28, 2003, Petitioner was found guilt by a jury of Counts 1, 2, 5, 6, 7, 9, 11, 12, 13, 14, 15, and 17 in the superceding indictment charging petitioner with conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine, more than 100 kilograms of marijuana, oxycontin, and oxycodone, distribution of marijuana, distribution of cocaine, distribution of 30 pounds of marijuana, distribution of cocaine, distribution of 3.31 grams of cocaine, distribution of 111.3 grams of marijuana, distribution of 6.9 grams of cocaine, distribution of 10 grams of cocaine, distribution of 27.9 grams of cocaine, and distribution of 22.2 grams of cocaine, respectively.

On March 12, 2004, petitioner was sentenced to 128 months imprisonment on Counts 1, 5, 6, 9, 11, 13, 14, 15, and 17; 60 months on Counts 2, 7, and 12, to be served concurrently.

**B.**     **Appeal**

Petitioner filed a notice of appeal on March 17, 2004. The judgment of the District Court was affirmed September 13, 2004.

**C.**     **Federal Habeas Corpus**

The petitioner asserts the following grounds for relief:

1) The court gave an erroneous jury instruction when it said that the parties stipulated the chain of custody and analysis of the controlled substance exhibits which did not allow the jury to determine an essential element of the offense.

2) The Court enhanced prisoner's sentence based upon facts not found by a jury.

3) Petitioner was denied the right to testify on his own behalf by his counsel.

4) Petitioner is entitled to argue the issues advanced on direct review.

5) Petitioner is entitled to a two level reduction for acceptance of responsibility.

6) Petitioner's counsel was ineffective for failing to address the preceding five issues.

In its response to the motion, the Government asserts:

1) Petitioner did not raise the issue of faulty jury instructions at trial or on appeal. Therefore, the issue is waived.

2) Petitioner did not raise the issue of receiving an enhanced sentence on direct appeal. Therefore, it is waived.

3) Petitioner did not raise the issue of being denied the right to testify at trial or on appeal. Further, prisoner offers no proof that he wished to testify or how his attorney kept him from testifying.

4) Petitioner cites no authority to support his claim that he can assert the issues previously raised and deemed on direct appeal.

5) Petitioner did not raise the issue of a two level reduction for acceptance of responsibility on direct appeal. Therefore, it is waived. Further, petitioner went to trial and failed to admit the conduct of which he was convicted, failed to terminate his criminal conduct, failed to surrender to authorities, and failed to assist the authorities. His claim is also untimely. Therefore, he does not qualify for the two level reduction for acceptance of responsibility.

6) There is nothing in the record supporting petitioner's claim of ineffective assistance of counsel.

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket.

**III. ANALYSIS**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**A.  Procedural Default**

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady,

456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S/ 298 (1995).

Here, respondent asserts that grounds 1, 2, 3, and 5 should have been raised on direct appeal and are now procedurally defaulted.

**Ground I**

Petitioner asserts that his counsel was ineffective when he agreed to stipulate the chain of custody and amounts of controlled substances in Exhibits 11D, 12D, 13D, 14D, 15D and 17D. The specific stipulation in the jury charge by the Court was:

**STIPULATIONS**

> A stipulation between the government and defendant means that they have formally agreed that certain facts are true. In this case, the government and the defendant have agreed that the chain of custody and chemical analysis relating to the following controlled substance exhibits are:
>
> Exhibit 11D is 3.31 grams of cocaine hydrochloride;
>
> Exhibit 12D is 111.3 grams of marijuana;
>
> Exhibit 13D is 6.9 grams of cocaine hydrochloride;
>
> Exhibit 14D is 10 grams of cocaine hydrochloride;
>
> Exhibit 15D is 27.9 grams of cocaine hydrochloride;
>
> Exhibits 17D is 22.2 grams of cocaine hydrochloride.

Ground I is without merit. First, petitioner waived this argument by not raising it on direct appeal. Therefore, it can now only be raised as a constitutional ineffective assistance of counsel claim. The quoted portion of the instruction above relating to the stipulation clearly states that the only facts stipulated were that the petitioner and the government simply agreed the chain of custody and chemical analysis in Exhibits 11D, 12D, 13D, 14D, 15D, and 17D were specific substances and amounts.

Petitioner claims the trial court altered and amended the stipulation to include essential elements of the offense, which only the jury can determine beyond a reasonable doubt. "A judge may point out undisputed facts to a jury." United States v. Inocencio, 40 F.3d 716 (5th Cir. 1994)

(holding that the trial court's comment that the substance in the truck was cocaine after the defendant and the government stipulated the substance was cocaine and to the chain of custody.)

Whether to stipulate as to chain of custody and kind and amount of controlled substance is a common question of trial tactics in charges involving controlled substances. Defense counsel often choose to stipulate chain of custody and kind and amount of controlled substance in order to have the jury focus on the weakest parts of the government's case. Trial counsel's choice of tactics is not second-guessed by the appellate court unless it finds counsel's performance unreasonable under all of the circumstances. See United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (reasonableness of not calling witness to testify). Stipulating as to chain of custody and kind and amount of controlled substance is reasonable under these (and most) circumstances.

**Ground II**

Petitioner contends that his sentence was improperly enhanced because the enhancements were not found by a jury or proved beyond a reasonable doubt. While not mentioned by name, the petitioner is making an argument pursuant to Booker and Blakely. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In June of 2004, the Supreme Court applied this ruling to the State of Washington's sentencing scheme and found that the imposition of state sentencing enhancements - based solely on factual findings by the court - violated a defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted by the defendant nor found by a jury. See Blakely v. Washington, 542 U.S. 296, 301-303 (2004). In addition, the Court expressly noted that it was not considering the

constitutionality of the federal sentencing guidelines. Id. at 305, n 9. Subsequently, however, the Supreme Court took up this issue in United States v. Booker, 543 U.S. 220 (2005).

In Booker, the Supreme Court held that Blakely applies to the federal sentencing guidelines, and therefore, the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone. Booker, 543 U.S. at 243. Additionally, the Court held that two provisions of the statute creating the guidelines system must be excised to make them compatible with the Sixth Amendment, thereby rendering the guidelines advisory. Id. at 258-261.

In ground two, petitioner contends that his sentence was unconstitutionally enhanced. However, this claim was available to petitioner at the time of sentencing and on direct appeal. Because petitioner failed to raise this claim at the appropriate time, this claim is procedurally defaulted and cannot be raised for the first time in a § 2255 motion.

In Morris, the Fourth Circuit found that Booker has not been made retroactively applicable to cases on collateral review. Morris at 72. Thus, Booker is inapplicable to cases that became final prior to the issuance of the Supreme Court's decision in those cases. Id.

Here, petitioner's conviction and sentenced were affirmed on appeal on September 13, 2004. There is no evidence to suggest that petitioner filed a petition for writ of certiorari with the United States Supreme Court so his conviction and sentence became final when the time for doing so - 90 days - had elapsed. Thus, petitioners' sentence became final on December 13, 2004. Booker was decided on January 12, 2005. Accordingly, Booker is not available to petitioner on collateral review.

**Ground III**

In ground three, petitioner claims that his counsel denied him the right to testify on his own behalf. This claim is without merit as petitioner has failed to show that his counsel prevented him from testifying and how he was prejudiced by his attorney's advice. "[A] criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir.2003) (citing Rock v. Arkansas, 483 U.S. 44, 51 (1987)). It is "the defendant who retains the ultimate authority to decide whether or not to testify." United States v. McMeans, 927 F. 2d 162, 163 (4th Cir. 1992) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland v. Washington, 466 U.S. at 689. Moreover, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002).

According to the petitioner, had his attorney allowed him, he would have taken the stand and rebutted the facts which the Government presented and there is a reasonable probability the jury would have found him not guilty.

This claim is insufficiently pled. The petitioner's allegation that he would have rebutted the Government's witnesses had he testified does not demonstrate that he was prejudiced by his attorney's advice. Instead such is merely a conclusory statement. He provides no information as to the substance of what his testimony would have been and fails to explain how such testimony could have placed doubt in the jury's mind of his guilt. Thus, the petitioner has failed to establish he was prejudiced by his attorney's advice. See United States v. Terry, 366 F.3d 312, 318 (4th Cir. 2004). Therefore, this claim is without merit.

**Ground IV**

Petitioner contends that he is entitled to argue the same issues raised and deemed on direct appeal in the instant § 2255 motion. However, petitioner has failed to reveal any authority to support his contention. Because these issues have been raised and decided on direct appeal, they cannot be reconsidered absent a showing of a change in the law. Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976).

**Ground V**

In ground five, petitioner asserts that he is entitled to a sentence reduction for acceptance of responsibility under § 3E1.1 of the sentencing guidelines. This claim is not supported by the record and is without merit. Moreover, petitioner is not entitled to a reduction for acceptance of responsibility under U.S.S.G. §3E1.1. This section provides as follows:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

In order to obtain a reduction for acceptance of responsibility under U.S.S.G. §3E1.1, "the defendant must prove by a preponderance of the evidence that he clearly demonstrated recognition and affirmative acceptance of personal responsibility for his criminal conduct." United States v. Martinez, 901 F. 2d 374, 377 (4th Cir. 1990). However, the reduction under U.S.S.G. §3E1.1 may be denied if the defendant continues engaging in criminal conduct. United States v. Kidd, 12 F. 3d 30 (4th Cir. 1993), cert. denied, 511 U.S. 1059 (1994

The petitioner is not entitled to a reduction for acceptance of responsibility because he went to trial and failed to admit the conduct of which he was convicted, failed to terminate his criminal conduct, failed to surrender to authorities, and failed to assist the authorities. Therefore, he does not qualify for the two level reduction for acceptance of responsibility. In fact, the Fourth Circuit determined that petitioner's sentence was proper.

**Ground VI**

Petitioner contends in ground six that his counsel was ineffective for failing to address the previous five issues. Petitioner's claim is without merit because he has failed to show that he was prejudiced by counsel's actions. Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The petition must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), *cert. denied*, 507 U.S. 923 (1993), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Id. Because petitioner failed to make the requisite showing, ground six fails.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 19, 2007

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE